IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UPTOWN SERVICE STATION, INC., | ) |
| | ) |
| Plaintiff, | ) 18 C 175 |
| | ) |
| v. | ) Judge John Z. Lee |
| | ) |
| ARCH INSURANCE COMPANY, and | ) |
| MCNEIL & COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Uptown Service Station, Inc. ("Uptown") has sued Defendant Arch Insurance Company ("Arch") for breach of contract (Count I), as well as for statutory damages, attorney fees, and costs (Count II) under § 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. Ann. 5/155. Arch moves to dismiss Count II pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth herein, Arch's motion to dismiss is granted.

### Factual Background[1]

Uptown operates a car wash at a building located at 4900 North Broadway in Chicago, Illinois. Compl. ¶ 1, ECF No. 1. To insure its business, Uptown purchased a commercial property insurance policy from Arch that covered the building and its contents. The policy was effective from February 21, 2016, to February 21, 2017. *Id.* ¶ 3.

On the morning of March 27, 2016, the roof of the car wash collapsed, damaging the building as well as the car wash equipment located inside. *Id.* ¶ 4; Compl., Ex. McNeil & Co. Letter of 6/9/2016 ("Claim Decision Letter") at 2, ECF No. 1-1. At some unspecified point,

---

[1] The following facts are taken from Uptown's complaint and are accepted as true on review of Arch's motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Uptown submitted a claim to Arch seeking indemnification for the damage. Compl. ¶ 6. Subsequently, Arch's representative that was in charge of investigating Uptown's claim, McNeil & Co. ("McNeil"), issued a claim decision letter to Uptown.[2] According to the June 9, 2016, letter, two forensic engineering firms, which had been retained separately by Arch and Uptown, conducted a joint inspection and concluded that the moisture in the car wash had corroded steel support beams in the ceiling, which in turn resulted in its collapse. Claim Decision Letter at 1–6.

In the letter, McNeil offered on Arch's behalf to coverage a portion of the damages resulting from the roof collapse damages, provided that Uptown signed an affidavit stating it was unaware of the corroded condition of the support beams. *Id.* at 1–2. McNeil, however, declined coverage for any loss or damage caused by or resulting from the corroded beams themselves, based on its reading of various policy exclusions.[3] *Id.* at 2, 9.

## **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The complaint "need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo*, 526 F.3d at 1081; *see*

---

[2] The complaint refers to an "October 30, 2017, claim decision letter," *See* Compl. ¶ 7, though the claim decision letter from McNeil on Arch's behalf, attached as an exhibit to the complaint, is dated June 9, 2016. *See* Claim Decision Letter.

[3] McNeil's letter does not specify with any particularity the types of damage claimed by Uptown that would fall into one category versus the other.

*also* Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a court must accept as true all well-pleaded allegations in the complaint and must draw inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081.

## Analysis

Count II of the complaint alleges a claim under § 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. Ann. 5/155. Section 155 permits an insured party to recover attorney fees and statutory damages when a court finds that an insurer's conduct in resolving a claim is "vexatious and unreasonable." 215 Ill. Comp. Stat. Ann. 5/155 (West 2018). "In determining whether the defendant's conduct was unreasonable and vexatious, the trial court must consider the totality of the circumstances." *Green v. Int'l Ins. Co.*, 605 N.E.2d 1125, 1129 (Ill. App. Ct. 1992). "Neither the length of time, the amount of money involved, nor any other single factor is dispositive; rather it is 'the attitude of the defendant which must be examined.'" *Id.* (quoting *Norman v. Am. Nat'l Ins. Co.*, 555 N.E.2d 1087, 1110 (Ill. App. Ct. 1990). Additional relevant factors include "whether the insured was forced to sue to recover, and whether the insured was deprived of the use of his property." *Valdovinos v. Gallant Ins. Co.*, 733 N.E.2d 886, 889 (Ill. App. Ct. 2000).

Uptown alleges that Arch acted vexatiously and unreasonably by violating various administrative regulations found in § 919 of the Illinois Administrative Code, 50 Ill. Adm. Code § 919 (West 2018), and § 154.6 of the Illinois Insurance Code, 215 Ill. Comp. Stat. Ann. § 5/154.6 (West 2018). Both provisions prohibit certain improper claims practices.[4] While §§ 919 and 154.6 do not "provide a policyholder with a private remedy or cause of action for an insurer's improper claims practice," the acts described in the provisions may be "illustrative of . . . vexatious or

---

[4] In its complaint, Uptown only cites to provisions of § 919 as the basis for its allegations of vexatious and unreasonable conduct, though in its response brief it cites to § 154.6, from which its complaint takes language verbatim. Pl.'s Response at 5, ECF No. 21.

3

unreasonable conduct under section 155." *Zagorski v. Allstate Ins. Co.*, 54 N.E.3d 296, 304–05 (Ill. App. Ct. 2016) (referring to § 154.6); *see also Mathis v. Lumbermen's Mut. Cas. Co.*, 822 N.E.2d 543, 549 (Ill. App. Ct. 2004) (taking violation of § 919.80 into account when determining whether waiver of a suit-filing time limitation provision in an insurance policy "would be unjust, inequitable, and unconscionable"). A complaint will not survive a Rule 12(b)(6) motion, however, when it "merely recite[s] the acts that constitute improper claims practice" under the Illinois Insurance and Administrative Codes without more. *70th Indus. Ct. Condo. #2 v. Travelers Cas. Ins. Co.*, No. 16 C 6483, 2017 WL 1386179, at *2 (N.D. Ill. April 18, 2017).

Uptown's complaint alleges that Arch acted vexatiously and unreasonably in a number of ways. First, according to Uptown, Arch failed to pay unspecified "amounts due under the Policy" within 40 days of the collapse, and then failed to explain the cause of the delay within 75 days of the collapse, Compl. ¶ 15(a)–(c) (citing § 919.80(d)(7)). Arch failed to negotiate a settlement promptly and in good faith, when "liability was reasonably clear," *id.* ¶ 15(d) (citing § 919.50). And it failed to acknowledge "with reasonable promptness" unspecified "pertinent communications," *id.* ¶ 15(f) (citing § 919.40). Additionally, Uptown alleges that Arch acted vexatiously and unreasonably by "wrongfully and knowingly" denying Uptown's claim, *id.* ¶ 15(e), and forcing Uptown to sue for its insurance benefits. *Id.* ¶ 15(g).

In response, Arch argues that, when stripped of its "recitation of administrative regulations," Uptown's complaint rests on nothing more than a conclusory allegation that Arch's behavior has been vexatious and unreasonable. Def.'s Mot. Dismiss at 3, ECF No. 7. According to Arch, "copying and pasting improper claim handling practices identified in the Insurance Code" cannot stand in for factual allegations of actual conduct constituting such improper practices. *Id.*

Arch's point is well taken. Of the various code violations Uptown asserts in its complaint, only its allegation that Arch failed to explain the delay in paying the claim within the time limit set by § 919.80(d)(7) receives any factual support beyond a mere recitation of the code language—and even those allegations are less than clear.[5] As for its allegations that Arch refused to settle promptly and fairly when "liability was reasonably clear," and that Arch "wrongfully and knowingly" denied Uptown's claim, Uptown provides no factual support at all.[6] Compl. ¶ 15(d)–(e). Similarly, Uptown's allegation that Arch failed to promptly acknowledge "pertinent communications" merely regurgitates language from § 154.6(d). *Id.* ¶ 15(f).

Uptown's only remaining factual allegation, then, is that it ultimately had to sue for recovery of policy benefits that ought to have been forthcoming. Compl. ¶ 15(g). But, in the absence of additional culpable conduct, § 155 does not penalize an insurer for going to trial over a claim, even if benefits were wrongfully denied as the complaint asserts. *See Myrda v. Coronet Ins. Co.*, 582 N.E.2d 274, 279 (Ill. App. Ct. 1991) ("[A]n insurer does not violate the statute merely by insisting on a trial at which it loses."); *see also Matsushita Elec. Corp. v. Home Indem. Co.*, 907 F. Supp. 1193, 1200 (N.D. Ill. 1995) ("[W]rongful denial of coverage is not enough by itself to support liability under Section 155.").

---

[5] The allegation could conceivably refer to the claim decision letter attached to the complaint. Compl. ¶ 15(a)–(c); Claim Decision Letter. But the complaint refers to an October 30, 2017, claim decision letter, *see* Compl. ¶ 22, while the letter on its face is dated June 9, 2016, *see* Claim Decision Letter. If it was the latter, it comes only 74 days after the date of the collapse within the time limit imposed by the regulation.

[6] To the extent that the complaint includes specific factual allegations by way of the attached claim decision letter, it tends to show that liability was reasonably *disputed*, rather than the claim was intentionally ignored.

## Conclusion

For the reasons stated herein, Arch's motion to dismiss Count II of the complaint [7] is granted. To the extent that Plaintiff believes it can amend its complaint consistent with this order, it may file a motion for leave to file an amended complaint by 7/27/18.

**IT IS SO ORDERED.**                                    **ENTERED 7/13/18**

**John Z. Lee**
**United States District Judge**